1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SANDRA SWANSON,

                          Plaintiff,

        v.

LEXINGTON INSURANCE COMPANY, a
foreign company; and ISSAQUAH CARE
CENTER, LLC, a Washington corporation,

                          Defendants.

No. C06-00005L

ORDER DENYING MOTION TO
REMAND

## I.  Introduction

This matter comes before the Court on "Plaintiff's Motion for Remand and for Costs for Defective Removal" (Dkt. # 9).  On March 21, 2003, Sandra Swanson sued the Issaquah Care Center, LLC ("ICC") in state court for personal injuries, medical negligence and statutory abuse.  ICC was insured by the Lexington Insurance Company ("Lexington"), which provided counsel for its defense.  On January 4, 2006, Lexington, now a party to the suit, removed to federal court.  ICC now moves to remand based on lack of diversity and untimeliness.

## II.  Factual Background

Following a stroke, Sandra Swanson moved into ICC.  There, her health rapidly

ORDER DENYING
MOTION TO REMAND

1   deteriorated due to allegedly negligent care and abuse.  She resided at ICC from approximately

2   September, 1998 until August, 2002.  In March, 2003, she filed suit against ICC.  In August,

3   2005, after protracted and contentious litigation, the parties agreed to arbitrate.  On August 30,

4   2005, the arbitrator, retired Judge Harry Follman, awarded Swanson $8,068,580.  Judge Mary

5   Yu confirmed the award on September 19, 2005.

6        Swanson encountered resistance when she attempted to enforce the judgment, and

7   subsequently added ICC's insurer, Lexington, as a defendant.  In December, 2005, Swanson

8   acquired several of ICC's rights of action against Lexington in a sheriff's sale. She then

9   amended her complaint to include these claims against Lexington, and also a garnishment cause

10  of action for the amount owed by Lexington to ICC under the insurance policy.  Within thirty

11  days of this amendment, Lexington removed the action to this Court pursuant to diversity

12  jurisdiction.

13                              **III.  Discussion**

14       Lexington argues that Swanson's "post judgment garnishment proceeding is a [new] civil

15  action within the meaning of 28 U.S.C. § 1441(a), and that diversity of citizenship and the

16  jurisdictional amount having been established, the garnishment proceeding was properly

17  transferred to the federal court."  Randolph v. Employers Mut. Liability Ins. Co., 260 F.2d 461,

18  463 (8th Cir. 1958).  The Ninth Circuit has endorsed this approach.  Swanson v. Liberty Nat'l

19  Ins. Co., 353 F.2d 12, 13 (9th Cir. 1965) ("We elect to follow [Randolph].").

20       Swanson responds that, notwithstanding the current removability of the action, Lexington

21  failed to satisfy the strict statutory requirements for removal:

22       If the case stated by the initial pleading is not removable, a notice of removal may
         be filed within thirty days after receipt by the defendant, through service or
23       otherwise, of a copy of an amended pleading, motion, order or other paper from
         which it may first be ascertained that the case is one which is or has become
24       removable, *except that a case may not be removed on the basis of jurisdiction
         conferred by section 1332 of this title more than 1 year after commencement of the*
25       *action.*

26

ORDER DENYING
MOTION TO REMAND                    -2-

1   28 U.S.C. § 1446(b) (added in 1988).  Because Swanson initiated her action more than two

2   years before Lexington removed it, the removal, which is premised on § 1332 diversity

3   jurisdiction, is not in strict compliance with the statute.  See Norman v. Sundance Spas, Inc., 844

4   F.Supp. 355, 359 (W.D. Ky. 1994) ("[A]bridging defendants' right to remove diversity cases

5   beyond one year represents a deliberate legislative trend to curtail federal jurisdiction over suits

6   between litigants of diverse citizenship."); see also Jones Mgmt. Servs., LLC v. KES, Inc. 296

7   F.Supp.2d 892, 894 (E.D. Tenn. 2003) ("The statute says what it says.").

8       Swanson contends that because the removal process is governed by statute, and

9   Lexington did not comply with the statute, this Court "need not reach the garnishment issue."

10  Reply at 6.  This gets it backwards.  Before the Court assesses whether the removal was

11  compliant, the Court must determine the appropriate commencement date for the purpose of the

12  statute.  See, e.g., Swanson, 353 F.2d 12 (diversity jurisdiction pursuant to § 1332 only existed if

13  the garnishment suit was considered a new, separate action, because original defendant was non-

14  diverse).  Thus, it is relevant whether, under state and federal law, garnishment is considered a

15  distinct civil action that was initiated in December, 2005.  Should the Court consider the

16  garnishment a new action, then Lexington's removal within thirty days of the amended

17  complaint satisfies the relevant statute.

18      The seminal Ninth Circuit case is admittedly ambiguous as to the precise issue

19  confronting this Court.  Immediately after it endorsed the language in the Randolph opinion that

20  is dismissive of the relevance of the state's garnishment procedures, the Swanson court wrote:

21  "Our analysis is that Rule 89(f), Rules of Civil Procedure, State of Alaska, sets up garnishment

22  for this case as an independent civil action."  Swanson, 353 F.2d at 13.  This language appears

23  to contradict the previous sentence and underscore the importance of the state's

24  conceptualization of the relationship of the garnishment proceeding to the original action.  The

25  distinction is important because contrary to Alaska, Washington courts generally have

26

ORDER DENYING
MOTION TO REMAND                    -3-

1    considered a garnishment proceeding to be ancillary to, and not independent of, the original

2    claim.  See, e.g., Watkins v. Peterson Enters., Inc., 137 Wn.2d 632, 638 (1999) (reasoning that a

3    garnishment action "is essentially an ancillary action to the principal suit between a creditor and

4    a debtor").  Using Washington's approach, the garnishment action would be non-removable

5    under 28 U.S.C. § 1446(b).

6           The Swanson district court opinion more clearly stated that the role of a garnishment

7    proceeding in state law yielded its conclusion that the proceeding was properly considered a

8    separate action for the purposes of the removal statute.  Swanson v. Sharp, 224 F. Supp. 850,

9    852 (D. Alaska 1963).  The opinion holds that "[a]n independent analysis of Rule 89(f), Rules of

10   Civil Procedure, State of Alaska, leads me to the conclusion that the garnishment proceedings

11   established thereby is an independent 'civil action' within the contemplation of § 1441(a)."  Id.

12   So, while the Ninth Circuit opinion is ambiguous, the district court opinion that it affirmed is

13   not.

14          Since the Swanson district court's decision, however, federal courts have accepted the

15   Randolph court's approach, which decidedly disregards the state's classification of the

16   garnishment action.  See 16 MOORE'S FEDERAL PRACTICE § 107App.101[7] ("[T]he construction

17   and application of the removal statutes . . . is a federal matter for independent federal decision;

18   and with due thought given to the proposition that a state cannot validly restrict the right of

19   removal.").  Most federal courts have concluded that a garnishment proceeding is a separate and

20   independent civil action that may be removed to federal court.  See Wheelwright Trucking Co. v.

21   Dorsey Trailers, Inc., 158 F.Supp.2d 1298, 1300 (M.D. Ala. 2001) ("The removeability [sic] of

22   a garnishment is an open question. The majority view supports removal . . . ."); see also

23   CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE &

24   PROCEDURE § 3721 ("[P]roceedings for garnishment . . . are considered civil actions within the

25   meaning of the federal removal statute.").  The Ninth Circuit has affirmed this understanding of

26

ORDER DENYING
MOTION TO REMAND                    -4-

Swanson: "In [Swanson] we held that the characterization of a garnishment proceeding is a question of federal law and that the Alaska proceeding in that dispute was a 'civil action' under 28 U.S.C. § 1441." Nationwide Investors v. Miller, 793 F.2d 1044 (9th Cir. 1986) ("The practical structure of garnishment proceedings supports our decision to allow removal . . . .").

Upon review of the relevant policy considerations in the instant case, the majority view must prevail. In Swanson's pre-judgment action against ICC, Lexington was not a party to the dispute. In Swanson's post-judgment action against Lexington, ICC has no meaningful role in the dispute. The garnishment proceeding is, for all practical purposes, a new, independent civil action that should be subject to removal notwithstanding the commencement of Swanson's affiliated tort action against ICC. The relevant legal issues are different, and nothing from the previous action, except the fact of the judgment, bears on the garnishment action.

Further, the non-garnishment causes of action included in the fourth amended complaint are properly construed as actions between the diverse parties of ICC and Lexington. Because Swanson has purchased ICC's causes of action against Lexington and asserted them in the amended complaint, ICC is properly considered a plaintiff in those matters. For these matters, ICC must be re-aligned as a plaintiff in the case caption. To the extent that there are any remaining causes of action between Swanson and ICC, these actions are remanded to state court.[1]

Swanson's use of the state's liberal joinder and amendment rules undermines the appropriate role of federal diversity jurisdiction. This Court must assess its jurisdiction pursuant to federal law without regard for the state's willingness to consider the garnishment action as ancillary to the original suit. In this case, Swanson's garnishment action must be considered a

---

[1] According to the amended complaint, there are no remaining issues between Swanson and ICC. However, the Court expects that as Swanson continues to make efforts to enforce her final judgment against ICC, Swanson may wish to initiate ancillary garnishment actions against other potential debtors to the now-defunct ICC. These actions should be raised in state court.

ORDER DENYING
MOTION TO REMAND                    -5-

1   new civil action under 28 U.S.C. § 1441.

2                              **IV.  Conclusion**

3          For the following reason, IT IS HEREBY ORDERED that plaintiff's motion for remand

4   (Dkt. # 9) is DENIED, subject to footnote 1.  Plaintiff's request for costs is DENIED.

5

6          DATED this 10th day of March, 2006.

7

8                                    _Robert S. Lasnik_

9                                    Robert S. Lasnik
                                     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER DENYING
MOTION TO REMAND            -6-